UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-612-RJC-DSC

| | |
|---|---|
| KEVIN MICHAEL SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF VETERANS )<br>AFFAIRS, CITY OF CONCORD, )<br>NORTH CAROLINA, COUNTY OF )<br>CABARRUS, NORTH CAROLINA, )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER** comes before the Court on its own motion.

I.     BACKGROUND

Pro se Plaintiff Kevin Michael Smith's ("Plaintiff") form complaint alleges that Defendants United States Department of Veterans Affairs ("VA"), City of Concord, North Carolina ("Concord"), and County of Cabarrus, North Carolina ("Cabarrus County," collectively "Defendants") violated his constitutional rights by, inter alia, assaulting him and unjustly arresting him. (Doc. No. 1). It appears that all of these alleged events occurred in Cabarrus County. (Id.). Cabarrus County falls within the Middle District of North Carolina. 28 U.S.C. § 113(b). Venue, however, appears to lie in both districts because the VA likely resides in both districts. See 28 U.S.C. § 1391(e)(1). Nonetheless, this Court may transfer the case sua sponte to the Middle District of North Carolina "[f]or the convenience of the parties and witnesses, [when it is] in the interest of justice." See 28 U.S.C. § 1404(a); Feller v. Brock, 802 F.2d 722, 729 n.7 (4th Cir. 1986).

## II. ANALYSIS

In analyzing whether a transfer is in the interest of justice, the Court may look to the factors relevant in a forum non conveniens analysis. See Fuyao N. Am., Inc. v. Dakotaland Autoglass, Inc., No. 6:10-cv-1649, 2011 WL 1002959, at *5 (D.S.C. Mar. 18, 2011) (citing Norwood v. Kirkpatrick, 349 U.S. 29 (1955); Gulf Oil Co. v. Gilbert, 330 U.S. 501, 508-09 (1947)). Transfer under 1404(a), however, requires a lesser showing than dismissal under forum non conveniens because the remedy is less drastic and the plaintiff is not put in danger of losing his claim to the expiration of the statute of limitations. Norwood, 349 U.S. at 31-32.

Courts making either inquiry look to "a list of 'private interest factors' affecting the convenience of the litigants, and a list of 'public interest factors' affecting the convenience of the forum." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981).

> The factors pertaining to the private interests of the litigants included the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. The public factors bearing on the question included the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

Id. at n.6.

The private interest factors weigh in favor of transfer to the Middle District of North Carolina. The proof Plaintiff will need to support his allegations is likely in Cabarrus County and Plaintiff may need to invoke the Middle District's subpoena power to obtain this evidence. See FED. R. CIV. P. 45. The public interest factors also weigh in favor of transfer. While there

2

will not be any conflict of law issues between the neighboring districts, there is an interest in having Cabarrus County disputes resolved in the district within which Cabarrus County resides.

The Court granted Plaintiff an opportunity to be heard on this issue before transferring the case sua sponte. See (Doc. No. 2); see also Feller, 802 F.2d at 729 n.7. Plaintiff has submitted two filings since, (Doc. Nos. 3; 5), but neither addressed the transfer issue. In one of Plaintiff's filings, he cited several Middle District of North Carolina rules. (Doc. No. 3 at 2-3). The Court interprets these references, and Plaintiff's failure to respond to the Court's Order, as his consent to transferring this case to the Middle District of North Carolina.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that this case is transferred to the Middle District of North Carolina for plenary disposition.

Signed: January 11, 2012

Robert J. Conrad, Jr.
Chief United States District Judge