IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KEVIN MICHAEL SMITH,                )
                                     )
            Plaintiff,               )
                                     )
    v.                               )    1:12CV38
                                     )
U.S. DEPARTMENT OF VETERAN           )
AFFAIRS; CITY OF CONCORD, NC;        )
CABARRUS COUNTY, NC; STATE           )
OF NORTH CAROLINA; U.S               )
GOVERNMENT; U.S. MARSHAL SERVICE;    )
U.S ADMINISTRATIVE OFFICES;          )
OFFICES OF THE COURTS OF THE U.S.;   )
ATTORNEY GENERAL; CLERK OF           )
DISTRICT COURT; CABARRUS COUNTY      )
REGISTER OF DEEDS; CABARRUS          )
COUNTY SHERIFF; CABARRUS COUNTY      )
TAX COLLECTOR; CITY MUNICIPALITY     )
OF CONCORD POLICE CHIEF; CITY        )
MUNICIPALITY OF CONCORD TAX          )
COLLECTOR; THE STATE OF NORTH        )
CAROLINA; N.C. DEPARTMENT OF         )
SECRETARY OF STATE,                  )
                                     )
            Defendants.              )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This is a *pro se* action by Plaintiff Kevin Michael Smith,[1] who, in a handwritten complaint, alleges broadly that the numerous Defendants in this case committed torts against him and violated his constitutional rights. Before the court now are Defendants'

---

[1] The court notes that the complaint refers to Kevin Michael Smith as Plaintiff and "et alia" as Co-Plaintiff. The complaint and other pleadings reference "Plaintiffs" rather than one individual Plaintiff. Because no other Plaintiff is identified in the complaint, the court will denote Kevin Michael Smith as "Plaintiff" throughout this recommendation.

motions to dismiss. (Docket Entries 8, 12, 19, 23, and 28.) Plaintiff filed a "Response to Motion to Dismissal of Action by Defendants (Wrongful Death and Emotional Distress)" (Docket Entry 31) on April 9, 2012. The matter is thus ripe for disposition. For the reasons that follow, this court will recommend that all five motions to dismiss be granted.

## I. BACKGROUND

On December 2, 2011, Plaintiff filed the present complaint in the United States District Court for the Western District of North Carolina. (Docket Entry 1.) The action was transferred to the Middle District of North Carolina by order of United States District Judge Robert J. Conrad, Jr. on January 11, 2012. (Docket Entry 6.) Plaintiff names multiple Defendants that can be grouped into four separate categories: (1) "Federal Defendants": U.S. Department of Veterans Affairs, U.S. Government, U.S. Marshal Service, U.S. Administrative Offices, Offices of the Courts of the U.S., Attorney General, and Clerk of District Court; (2) "State Defendants": State of North Carolina, NC Secretary of State and NC Attorney General[2]; (3) "Concord Defendants": City Municipality of Concord Police Chief, City Municipality of Concord Tax Collector, and City of Concord, NC; and (4) "County Defendants": Cabarrus County, NC, Cabarrus County Register of Deeds, Cabarrus County Sheriff, and Cabarrus County Tax Collector.

The basis of Plaintiff's claims against all Defendants is completely indecipherable. The complaint itself lists the jurisdictional bases as 42 U.S.C. § 1983, 42 U.S.C. § 1985, the

---

[2] The North Carolina Secretary of State, Elaine Marshall, along with Daniel Crabbe and John West (Keith West) filed a separate motion to dismiss "out of an abundance of caution" because Plaintiff sent the North Carolina Department of the Secretary of State a summons including those three individual names. These individuals are not specifically listed in the caption nor mentioned in the complaint. (*See* Def.'s. Mot. to Dismiss, Docket Entry 8 at 1-2.)

Federal Tort Claims Act ("FTCA"), the Veterans Benefit Act, and N.C. Gen. Stat. § 4-1. Plaintiff's complaint vaguely alleges violations of his constitutional rights in the following way:

> The Defendants have on regular patterns, and continual contemplated thoughts and acts, stalked, assaulted physically, stolen Property of Money, Papers, Personal effects, the Defendants have done this for a period of Five Annual Periods to the Plaintiffs.

(Compl. at 3, Docket Entry 1.) With regard to the alleged section 1985 claim, the complaint states:

> Defendants Unlawfully and Feloniously in Violation of the Common Law of the State of North Carolina Chapter 4 Section 1 enter, assault, Harass, and Pilfer Plaintiffs and Property during Daytime and Nighttime hours, claiming to be Police of City, County, State or Federal.

(*Id.*) Plaintiff states his injury as:

> Plaintiffs are injured in both Person and Property of Well-Being; Safety and Security; Privacy; Character Defamated [sic]; Financial Frauded [sic]; Obstructed in Obtaining Justice to Present, Correct the Injury or Wrong; Economic Expenses Actual, Constructive, or Exemplary, including Physical Body Traumas; Quiet Use and Enjoyment; DeFraudia [sic] – Fraud and Deception by Obtaining Money or Property by False Pretense and Confidence; False Impersonation of Police or Government Agent or Employee . . . .

(*Id.*) Finally, in his demand for relief, Plaintiff states:

> To have Judgement entered on Plaintiffs Smith behalf based upon Obstruction of Justice; Intimidating a Witness or Party to Court Action; Failure to Respond to Complaint Action filed; Delay, denial of Healthcare in Emergency or Prolonged Illnesses; Failure to Trust Account for Property Received in a Fraudulent Receivership of Trusteeship; Supervisors-Coworkers Denial to Assist Plaintiffs and Governments Denial for Transfer proximately resulting in and Compounding Plaintiffs Safety or Security by Egregious Flagrant Conduct and Conspiracy; Recompense for Conversion, Conspiracy, Bodily Injury; Emotional Distress and Mental Anguish.

(*Id.* at 5.)

3

On January 31, 2012, Plaintiff filed what arguably could be considered an amended complaint.[3] (Am. Compl., Docket Entry 16.) This handwritten pleading, entitled "Refiling of Complaint and Supplemental Informations of Civil Conspiracy after Dereliction of Law Impedement [sic] against Plaintiffs," contains language similar to that of the original complaint which is difficult to follow or understand. It also contains an addendum, listing 19 "Legal Maxims," all in Latin. (*Id.* at 9.)

All Defendants now move to dismiss the action.

## II. ANALYSIS

### A. The Federal Defendants

The Federal Defendants have moved to dismiss this action for lack of subject matter jurisdiction, for failure to state a claim upon which relief may be granted, and for insufficiency of service of process. The court finds that each of these bases provides sufficient grounds to dismiss the complaint against the Federal Defendants.

Because Plaintiff's action is against the federal government and its agencies, sovereign immunity is presumed and cannot be overcome without an express statutory waiver. *Research Triangle v. Bd. Of Gov. of Fed. Reserve Sys.*, 132 F. 3d 985, 987 (4th Cir. 1997). "Under settled principles of sovereign immunity, the United States as sovereign, is immune from suit save as it consents to be sued . . ." *United States v. Dalm*, 494 U.S. 596, 608 (1990). Through the FTCA, Congress has waived sovereign immunity for certain tort claims against the United States. *See* 28 U.S.C. § 1346(b)(1). In order for a district court to have jurisdiction over

---

[3] Indeed, this pleading was docketed as an amended complaint. However, Plaintiff obtained neither consent of Defendants nor leave of the court to file an amended complaint. *See* Fed. R. Civ. P. 15(a)(2).

4

FTCA claims, however, the claimant must first present the claim to the appropriate federal agency, and the agency must have denied the claim. 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(b)(1). "[T]he requirement of filing an administrative claim is jurisdictional and may not be waived." *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994).

A plaintiff bears the burden of proving compliance with the administrative requirements. *Kielwien v. United States*, 540 F.2d 676, 679 n. 6 (4th Cir. 1976). In this case, Plaintiff makes no allegation in his complaint (or amended complaint) that the purported tort claims he is asserting were ever presented to the federal agencies he is suing. Because the record contains no indication that Plaintiff filed an administrative claim, Plaintiffs' claim against the Federal Defendants must be dismissed for lack of subject matter jurisdiction. See *Whedbee v. United States*, 352 F. Supp. 2d 618, 628 (M.D.N.C. 2005)

Similarly, under the FTCA, any constitutional claims asserted by Plaintiff arising out of the same facts are also barred:

> The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omissions gave rise to the claim.

28 U.S.C. § 2676. This "judgment bar" accords a judgment on an FTCA claim preclusive effect as to any action on the same underlying facts. *See Freeze v. United States*, 343 F. Supp.2d 477, 481 (M.D.N.C. 2004), *aff'd*, 131 Fed. App'x 950 (4th Cir. 2005). Accordingly, because Plaintiff's tort claims are subject to dismissal under the FTCA, he is precluded from asserting any constitutional claims against the Federal Defendants.

Dismissal is also appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6). A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim

5

to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). *Pro se* complaints are to be liberally construed in assessing sufficiency under the Federal Rules of Civil Procedure. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this liberal construction, "generosity is not a fantasy," and the court is not expected to plead a plaintiff's claim for him. *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir 1998).

Plaintiff checked the box on his complaint indicating that he was bringing this action pursuant to 42 U.S.C. §§ 1983 and 1985. In order to successfully state a cause of action under § 1983, a plaintiff must allege sufficient facts to establish: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the conduct complained of was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The most liberal reading of the complaint here quite simply reveals no allegations of official acts committed by the Federal Defendants, nor that any alleged acts were committed under color of state law as required for a section 1983 claim. Section 1985 provides for three causes of actions for conspiracies that interfere with a plaintiff's civil rights. 42 U.S.C. § 1985(1)-(3). Plaintiff does not specify which cause of action he is bringing, but he has clearly failed to plead elements of any claim under section 1985.

The complaint and the amended complaint here contain no factual allegations to support an action against the Federal Defendants under 42 U.S.C. §§ 1983 and 1985 (or any

6

other statute). Therefore, the Federal Defendants' motion to dismiss for failure to state a claim should be granted.[4]

### B. The State Defendants

The State Defendants move to dismiss Plaintiff's claims on the grounds of insufficiency of service of process, the Eleventh Amendment, failure to state a claim on which relief can be granted, and absolute and qualified immunity.

First, Plaintiff's claim is barred by the Eleventh Amendment. The Eleventh Amendment prohibits actions in federal court by individuals against a state unless the state has consented to suit or unless Congress has lawfully abrogated the states' Eleventh Amendment immunity. *Ballenger v. Owens*, 352 F.3d 842, 844-45 (4th Cir. 2003.) "[U]nder the Eleventh Amendment, a State cannot be sued directly in its own name regardless of the relief sought, absent consent or permissible congressional abrogation." *Id.* (internal quotation omitted). The doctrine of sovereign immunity under the Eleventh Amendment applies not only to actions in which the State is a named defendant, but also to actions against its departments, institutions, and agencies. The North Carolina Secretary of State and the North Carolina Attorney General are both state officials. Thus, the claims against them, as well as the claim against the State of North Carolina, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). *See Dai v. Univ. of North Carolina*, No. 1:02CV224, 2003 WL 22113444, at *6 (M.D.N.C. Sept. 2, 2003) (finding that claim against state university was "jurisdictionally barred" by the Eleventh Amendment).

---

[4] Federal Defendants additionally allege lack of proper service as a basis for dismissal. While these arguments regarding insufficiency of service of process have merit, it is unnecessary to address them in as much as the action should be dismissed for the many other reasons noted.

7

Secondly, just as with the allegations against the Federal Defendants, Plaintiff's claims against the State Defendants are insufficient because they do not state any plausible factual allegations and lack any legal basis. The complaint therefore should also be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Finally, the State Defendants are entitled to immunity for actions arising out of their official duties as state officials. Plaintiff has utterly failed to allege sufficient facts to make plausible that these Defendants violated his "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). With respect to Plaintiff's federal claims under 42 U.S.C. §§ 1983 and 1985, Congress waived immunity under those statutes only with respect to state officials and only for certain types of injunctive relief. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[I]t is well-settled that the Eleventh Amendment bars a suit by private parties to recover money damages from the state or its alter egos acting in their official capacities." *Huang v. Bd. of Governors of Univ. of North Carolina*, 902 F.2d 1134, 1138 (4th Cir. 1990) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). To the extent that Plaintiff's complaint can be read to seek monetary damages against the State Defendants acting in their official capacities,[5] the claims must be dismissed on the basis of sovereign immunity. Accordingly, Plaintiff's claims against the State Defendants should be dismissed.[6]

---

[5] Plaintiff's prayer for relief does not mention money damages, but does seek "judgment" against Defendants. (*See* Compl. at 5. Docket Entry 1.)

[6] Here too, the State Defendants note that dismissal is proper because of insufficiency of service of process. Just as with the Federal Defendants, this argument has merit. The court declines to address this ground, however, in light of the fact that Plaintiff's claims are subject to dismissal on multiple other grounds

8

## C. The Concord Defendants

The Concord Defendants have moved to dismiss this action for failure to state a claim upon which relief may be granted and for insufficiency of service of process. Both of these grounds are valid bases for dismissal.

The allegations in the complaint as to the Concord Defendants are vague and incomprehensible. Plaintiff vaguely alleges some sort of conspiracy and refers to someone entering Plaintiff's residence in violation of his rights. Plaintiff uses words like "assault," "harass," and "pilfer[ing] of property," but provides no factual basis for imposing any kind of liability against these Defendants. In the amended complaint, Plaintiff references multiple (but unnamed) Defendants "presenting themselves" at Plaintiff's residence "trying to find paperwork" or "attempting to reach a settlement agreement of some type." (Am. Compl. at 3, Docket Entry 16.) These allegations, which provide no information as to who did what to who, or what rights were allegedly violated, are simply insufficient to state a claim under the Federal Rules of Civil Procedure. As such, the claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).[7]

## D. The County Defendants

The County Defendants have moved to dismiss this action for failure to state a claim upon which relief may be granted and for insufficiency of service of process. As with the other Defendants, these grounds have merit.

---

[7] As with the State and Federal Defendants, the court finds it unnecessary to address the insufficiency of service of process argument by the Concord Defendants in light of the many other deficiencies in Plaintiff's complaint as to these Defendants.

9

The complaint contains no allegations as to the Cabarrus County Tax Collector or Register of Deeds. Plaintiff's mentions of "assault," "frequent attempt[s] to have Defendants [sic] arrested," and "entering the Plaintiff's dwelling" are simply not sufficient to state a plausible claim against the Cabarrus County Sheriff. The duty of fair notice under Rule 8(a) requires a plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. *See Twombly*, 550 U.S. at 555. As the Supreme Court has instructed, although detailed facts are not required, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than "labels and conclusions . . . " *Iqbal*, 556 U.S. 662, 678. A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557)

Plaintiff's complaint is disjointed and lacking in factual allegations. Despite the liberal construction given to *pro se* pleadings, Plaintiff's complaint simply fails to state a claim upon which relief can be granted as to the County Defendants and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *See Giarratano v. Johnson*, 521 F.3d 298, 304 n. 5 (4th Cir. 2008) (applying *Twombly* standard in dismissing *pro se* complaint).[8]

## IV. CONCLUSION

Plaintiff's complaint contains neither factual matter nor labels and conclusions that would allow the Court to construe a viable claim as to any of the Defendants. Even the basic facts underlying Plaintiff's complaint are unclear. As to the Federal Defendants, additionally, the action should be dismissed pursuant to the FTCA for lack of subject matter

---

[8] The County Defendants also raise the issue of insufficiency of service of process. As with the other Defendants, the court declines to address this argument in light of the complete failure of Plaintiff to state a claim.

10

jurisdiction, and as to the state Defendants, the action is barred by the Eleventh Amendment and sovereign immunity.

**IT IS THERFORE RECOMMENDED** that the Motions to Dismiss of Defendants (Docket Entries 8, 12, 19, 23 and 28) be **GRANTED** and that this action be dismissed.

_____
Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
June 14, 2013